IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | TOMMY ZAMORA, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | Civil Action No. CIV-21-383-J |
| v. | | ) | |
| | | ) | |
| (1) | AIR EVAC EMS, INC., | ) | |
| | | ) | |
| | Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, TOMMY ZAMORA, files this action against Defendant and by way of complaint against Defendant alleges the following:

### I. Nature of Action

1.1    This jury action seeks redress for Defendant's violation of the laws of the United States and the State of Oklahoma in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq.*.  As redress for Defendant's violation of the FMLA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, liquidated damages, and attorney fees and costs.

### II. Jurisdiction and Venue

2.1    This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

1

2.2     At all times material to this action and at Plaintiff's leave request, Plaintiff was an employee who had been employed for at least 12 months by Defendant and worked for at least 1,250 hours of service with Defendant during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.3     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.4     Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.5     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

### III. Parties

3.1     Plaintiff is a male citizen of the United States and a resident of Grady County, Oklahoma.

3.2     At all times material to this action, Defendant has continuously been and is a domestic corporation registered to do business in the State of Oklahoma.  Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its registered agent:   Corporation Service Corporation, 103000 Greenbriar Place, Oklahoma City, OK. 73159.

## IV.  Background Facts

4.1    Defendant provides emergency medical transportation by air transport in fifteen states, including Oklahoma.

4.2    On or about October 13, 2015 Defendant hired Plaintiff for the position of Flight Paramedic in Oklahoma City.

4.2    Plaintiff always met or exceeded his performance expectations.  In 2017 - 18 Plaintiff was promoted to Base Clinical Lead.   In 2018 Plaintiff received recognition as best Base Clinical Lead.

4.4    Plaintiff reported directly to Justin Miller, who reported to Steve Bates.

4.5    After a divorce proceeding, Plaintiff experienced depression and began treating for depression with a medication regimen.    Prior to his divorce, he had been receiving periodic treatment for mental health.

4.6    Defendant maintained policies allowing various leaves of absences by staff. Plaintiff also accrued paid time off.

**Intermittent FMLA Qualified Leaves**

4.7    In October 2020 Plaintiff's depression prevented him from safely working approximately three shifts for which he took approved leave.    Prior to each absence, Plaintiff followed policy in requesting and using available leave for each absence.

4.8    On or about October 23, 2020 Plaintiff reported to Kelly Saffa, HR, on the phone that his mental condition was the cause of his periodic absences, that he was treating his condition and that he may need a longer leave of absence.    Saffa advised Plaintiff that leave was available for his condition, if needed, and that she would notify

3

Supervisor Miller of the reason for Plaintiff's prior leave and the possibility of a longer leave related to his mental condition.

4.9   Plaintiff then told Supervisor Miller that HR would be contacting him about the reason for his recent absences and possible future leave of absence.

4.10   Plaintiff continued to work at his position while his mental condition worsened.

4.11   In communications in early November, Plaintiff advised Supervisor Miller of suffering from stress and anxiety adversely affecting his work performance and that he may be seeking leave.

**FMLA Qualified Leave**

4.12   As a benefit of employment, Defendant provided Plaintiff with an Employee Assistance Program [EAP] for interventional treatment of his depression adversely affecting his performance.

4.13   During his employment, Plaintiff had previously utilized EAP for interventional treatment.

4.14   On or about November 9, 2020, Plaintiff notified Supervisor Miller of leave beginning November 10 for employee assistance.   Supervisor Miller then sought a meeting with Plaintiff at the offices the next day (November 10).  Plaintiff responded that he would be on leave that day.

4

4.15   Defendant utilizes Reed Group, a third party vendor, to administer leaves of absences for employees.

4.16   On or about November 10, 2020 Plaintiff submitted to Reed Group a completed Employee Statement seeking leave under the FMLA for his own health condition from November 10 – 29, 2020.

4.17   Reed Group approved his leave and Plaintiff further initiated EAP benefits.

4.18   Plaintiff had accrued leave available to him and followed policy in his request for leave beginning November 10.  Defendant never advised Plaintiff before November 10 that his leave was unapproved under policy.

4.19   By November 11, 2020 correspondence, the Reed Group advised Plaintiff of denial of FMLA leave due to insufficient hours (less than 1,250) and length of service (less than one year) by Plaintiff and to return work or be considered a resignation.

4.20   In 2020 Plaintiff was eligible for leave under the FMLA as he had worked full-time for many years with Defendant.

4.21   Based upon information and belief, Defendant provided to Reed Group erroneous information as to Plaintiff's length of service preventing Reed Group from administering his leave under the FMLA beginning November 10.

**Termination During FMLA Qualified Leave**

4.22   On November 11, Supervisor Bates and Miller called Plaintiff at home and terminated his employment.

**Administration of Leave Post Termination**

4.23    Despite his termination, Reed Group continued to administer Plaintiff's leave.

4.24    After his termination, Plaintiff continued to treat his mental condition with his care provider and take a medication regimen.

4.25    By letter to Plaintiff dated November 16, 2020, Reed Group advised Plaintiff that his leave was not approved past November 29, 2020 and, if not at work after that date, is subject to termination under attendance policies.

4.26    By letter to Plaintiff dated November 27, 2020, Reed Group sought an FMLA Health Care Provider certificate to finish evaluation of leave under the FMLA.

4.27    By letter to Plaintiff dated December 4, 2020, Reed Group advised Plaintiff of administration of his leave under company policy and that he was "not eligible for leave under the FMLA".

4.28    By letter to Plaintiff dated December 7, 2020, Reed Group sought an FMLA Health Care Provider certificate from Plaintiff to finish evaluation of leave under the FMLA.

4.29    During his leave, Plaintiff's treatment included anxiety and was prescribed an additional medication regimen along with depression medication.

4.30    On or about December 10, 2020 Plaintiff transmitted to Reed Group by facsimile a Certificate completed by his health care provider for continuous leave November 10 – 29, 2020 for his health condition.

4.31    Plaintiff did not received any additional correspondence from Reed Group. Plaintiff's efforts to get FMLA leave approval failed.

4.32    Defendant has not offered reinstatement to Plaintiff.

## COUNT I:   FMLA

**(Interference, Restraint or Denial of FMLA rights)**
**(Retaliation for Requesting and taking FMLA leave)**

5.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.32 of this Original Complaint.

5.2    Plaintiff worked for Defendant at least twelve months and Defendant has continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. Section 2611(2).

5.3    All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

5.4    At all times material to this action, Defendant has retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise of rights under Section 2615(a)(1) of the FMLA by Defendant's action and omissions including but not limited to the following:

    a.  Failing to retroactively approve prior absences by Plaintiff as leave under the FMLA;

    b.  Failing to approve Plaintiff's leave under the FMLA beginning November 10;

    c.  Instructing Plaintiff to attend a meeting during FMLA qualified leave;

    d.  Providing erroneous employment service data to third party leave vendor to exclude FMLA eligibility for leave beginning November 10.

7

    e.   Terminating Plaintiff's employment under an attendance policy during FMLA qualified leave and for FMLA qualified leave;

    f.   Failing to rehire or reinstate Plaintiff to his position with all benefits;

5.5    As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary/wages and employee benefits, he would have received as an employee of Defendant had his rights under the FMLA not been interfered, restrained or denied or been retaliated for his exercise and/or attempted exercise of FMLA rights.

5.6    In violating the FMLA, Defendant acted with malice and with reckless indifference to the federally protected rights of Plaintiff within the meaning of 29 U.S.C. § 2617 (a)(1)(A)(iii) of the FMLA.

5.7    As a direct and proximate cause of the violations of the FMLA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Prayer for Relief**

WHEREFORE, PLAINTIFF prays that this Court:

1.    A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the FMLA.

2.    An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.      A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had he not been terminated by Defendant in violation of the FMLA.

4.      An order reinstating Plaintiff to the position, seniority and level of compensation, including salary/wages, bonuses and benefits, he would have enjoyed had he not been terminated by Defendant in violation of the FMLA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary/wages, bonuses and benefits, he would have received, from the date of judgment through the date he would have retired or resigned from employment at Defendant.

5.      Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

6.      A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct;

7.       A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

8.      A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,


S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
Offices at Deep Fork Creek
5613 N. Classen Blvd

9

Oklahoma City, OK  73118
Telephone:    (405) 286-1600
Telecopy:     (405) 842-6132

COUNSEL FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

s/ Jeff A. Taylor
Jeff A. Taylor